Joseph M. BUYNAK

v.

**DEPARTMENT OF TRANSPORTA-
TION, Commonwealth of Penn-
sylvania, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2003.

Decided Oct. 15, 2003.

Gwendolyn T. Mosley, Harrisburg, for petitioner.

Robert E. Kelly, Jr., Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Clearfield County (trial court) granting Joseph M. Buynak's (Buynak) certification of a class consisting of "all persons, residents of the Commonwealth of Pennsylvania, and who since March 1, 1996, were or are employed by Defendant in non-managerial capacities and who are 40 years of age or older and who suffered one or more adverse employment decisions based on their age."

Buynak has been employed by the Department as a Transportation Construction Inspector (TCI) since April of 1996 at the Department's Clearfield County office. In May of 1998, he experienced health problems which forced him to miss work for a time. Early in 1999, Buynak filed a complaint of age discrimination with the Pennsylvania Human Relations Commission (Commission) seeking to proceed on behalf of a class of past and present employees of the Department, alleging that upon his return to work, he was denied the same reasonable accommodations he had been afforded previously following a heart attack. Specifically, Buynak alleged that he was forced to take an office position temporarily during which time his duties as a TCI were performed by a younger employee; that he was pressured to take disability retirement; and that he was otherwise subjected to harassment. He also alleged that he was denied promotions to supervisory positions on several occasions. Because the Commission did not act on his complaints within one year, Buynak obtained a dismissal of his administrative complaint.

In May of 2000, he commenced this action alleging the same instances of age discrimination, harassment and denial of reasonable accommodations for his disability in the Court of Common Pleas of Clearfield County in his own right and on behalf of "all persons who are residents of the Commonwealth of Pennsylvania and who since April 27, 1996 have been or were formerly employed by the Department, were 40 years of age or older and who were subject to actual or threatened adverse employment decisions made by the Department." After a dismissal of the Department's preliminary objections challenging the jurisdiction and venue of the trial court, Buynak compelled the Department to respond to disputed discovery. After the trial court was made aware that Buynak had never moved to certify the class and directed him do so, Buynak moved to certify the class.

At the hearing on class action certification, Buynak testified that he applied for a specialist position within the Department but did not receive the position. He further testified that he felt he had been harassed by the Department. Thomas F. McCracken (McCracken) and Gail Francisko (Francisko), two employees of the Department, also testified that they applied for promotions, were turned down and believed that age discrimination was part of the reason. McCracken testified that each time he was not promoted, the position was filled by someone younger than him. However, when asked about each individual situation, he testified as follows to the ages of the employees who did receive the positions: one was six months younger

than him; one was five to seven years younger; one was a little over a year younger than him; one was 38; one was 23; and one was in his early forties. Francisko testified that the person who received the administrative assistant position she applied for had a computer degree and that Francisko did not.

Diane Van Allen, an office manager at Buynak's counsel's office, also testified that after carrying out research, there were "Probably 65, 68 . . .," employees of the Department who were over 40, held non-managerial positions, had applied for positions, but someone younger and unqualified was hired instead. Additionally, Buynak introduced affidavits from 11 other individuals testifying that they were employees of the Department who had applied for promotional positions, that they did not receive the positions, and that the successful candidate was several years younger with less experience.

Concluding that Buynak had satisfied the prerequisites for class action under Rules 1702, 1708 and 1709 of the Pennsylvania Rules of Civil Procedure (Pa. R.C.P.), the trial court certified a statewide class consisting of "all persons, residents of the Commonwealth of Pennsylvania, and who since March 1, 1996, were or are employed by Defendant in non-managerial capacities and who are 40 years of age or older and who suffered one or more adverse employment decisions based on their age." [1]

The Department contends that the trial court failed to consider the requirements of the Pennsylvania Rules of Civil Proce-

dure and abused its discretion in applying them when it granted the above certification to Buynak because it did not meet the criteria for certification of a class. Under Pennsylvania Rule of Civil Procedure 1702, one or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if:

(1) The class is so numerous that joinder of all members is impracticable;

(2) There are questions of law or fact common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) The representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) A class action provided a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

The Department contends that the trial court failed to properly consider the requirements of commonality under Pa. R.C.P. No. 1702(2), typicality under Pa. R.C.P. No. 1702(3), and adequacy of class counsel under Pa. R.C.P. 1702(4), when it certified as a class "all persons, residents of the Commonwealth of Pennsylvania and who since March 1, 1996, were or are employed by Defendant in non-managerial capacities and who are 40 years of age or older and who suffered one or more adverse employment decisions based on their age." [2]

---

**1.** An order permitting a suit to proceed as a class action is an interlocutory order and also is a type of interlocutory order which is not usually appealable. *Pincus v. Mutual Assurance Co.*, 457 Pa. 94, 321 A.2d 906 (1974). The trial court certified its class certification order for appeal which we accepted. See: 42 Pa.C.S. § 702; Pa. R.A.P. No. 1311.

**2.** Only Pa. R.C.P. No. 1702(2) (Commonality), Pa. R.C.P. No. 1702(3) (Typicality), and Pa. R.C.P. No. 1702(4) Adequacy of Class Counsel, are raised on appeal.

■ Initially, we point out that a petitioner for class certification has the burden of proving the prerequisites of Pa. R.C.P. No. 1702 by presenting facts from which the trial court can conclude that each of the prerequisites is met before a class can be certified. *Janicik v. Prudential Insurance Co. of America*, 305 Pa.Super. 120, 451 A.2d 451 (1982); *Klusman v. Bucks County Court of Common Pleas*, 128 Pa. Cmwlth. 616, 564 A.2d 526 (1989), *aff.*, 524 Pa. 593, 574 A.2d 604 (1990). Although this burden is not heavy, more than a mere conjecture or conclusory allegations are required, particularly if other facts of record tend to contradict the propriety of the class action. *Cook v. Highland Water and Sewer Authority*, 108 Pa.Cmwlth. 222, 530 A.2d 499 (1987), *petition for allowance of appeal denied*, 518 Pa. 628, 541 A.2d 1139 (1988). The trial court has broad discretion in determining whether a class should be certified, and we will not disturb its certification on appeal unless we find the trial court failed to consider the requirements of the rules or abused its discretion in applying them. *Cook.*

### Common Questions of Law or Fact

### (Commonality)

■ To be certified, Rule 1702(2) requires a class proponent to establish "questions of law or fact common to the class." *See* Pa. R.C.P. No. 1702(2). "The common question of fact means precisely that the facts must be substantially the same so that proof as to one claimant could be proof as to all." *Allegheny County Housing Authority v. Berry*, 338 Pa.Super. 338, 487 A.2d 995, 997 (1985). Common questions will generally exist if the class members' legal grievances arise out of the same practice or course of conduct on the part of the class opponent. *Janicik.* However, while the existence of individual questions essential to a class member's recovery is not necessarily fatal to class certification, common questions of law or fact must predominate over individual questions. *Cook.*

■ Buynak failed to meet the commonality requirement because he failed to present evidence to prove that the alleged age discrimination was a Department-wide policy practiced against each member of the class so that proof as to one claim would be proof as to all. Rather, the record reveals that numerous individual questions of law and fact predominate over the common claim of age discrimination. The evidence proffered in support of certification showed that each employee's position, work locations, terms and conditions and circumstances surrounding promotion were not the same or the person making the employment decisions in each of these instances was not the same.

Buynak was a Transportation Construction Inspector applying for a specialist position. In his claim, he alleged age discrimination along with harassment claims and disability discrimination. Robert Miller and Joe Filippino, the Bureau Director, were responsible for not promoting Buynak. McCracken, on the other hand, was an equipment operator and foreman who had applied for Foreman II positions and was turned down. He was interviewed and the decision not to promote him was made by Kim Reese, Clearfield County Maintenance Manager, Dan Wright and Robert Hensal, both Assistant County Managers. His allegations of age discrimination were based on the Department hiring seven other individuals with ages ranging from 23 to six months younger than him. Francisko was a clerk typist III. She applied for an administrative assistant position and was turned down. The Department hired a younger girl with a computer degree; Francisko did not have a college degree. Further, the purported class

members introduced in the affidavits had different positions and claimed different types of discrimination. One employee, Charlie Savage, claimed discrimination because of "long hair and tattoos." (Reproduced Record at 79b.)

Also, there was no evidence that a statewide class should be certified. No testimony was offered from any employee outside Clearfield County, and no evidence was presented from which the claims of the Clearfield County witnesses could be generalized to employees of the Department working in any other County. Although Diane Van Allen, the office manager at Buynak's counsel's office, testified that there were, "Probably 65, 68 …," employees of the Department who were over 40, held non-managerial positions, had applied for positions, but someone younger and unqualified was hired instead, she also stated that this was only from two counties. She presumed that if she had identified around 65 people at the Clearfield Office, that there could be maybe 500 to 1,000 or more in the class. (Reproduced Record at 43b.) The trial court certified a statewide class based solely on this presumption. No evidence was presented showing how common questions of law and fact existed between the claims of these witnesses and all Department employees, statewide, in non-managerial capacities who were 40 years of age or older and who suffered one or more adverse employment decisions based on their age. More than a mere conjecture or conclusory allegations were required to establish commonality, particularly if other facts of record tend to contradict the propriety of the class action. *Cook.*

Because of the predominance of substantial individual questions of fact and law and the lack of evidence proving a common course of discrimination, we find that Buynak did not meet his burden of proving the existence of commonality. The trial court failed to properly consider the requirements of commonality found in Rule 1702(2).

### Typicality

■■■ Proponents of a class must also show that their claims and/or defenses are typical of those of the proposed class according to Pa. R.C.P. No. 1702(3). This requires that the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that pursuit of their interests will advance those of the proposed class members. *Cook.* Typicality entails an inquiry into whether the named plaintiffs individual circumstances are markedly different or the legal theory upon which the claims are based differs from that upon which the claims of other class members will be based. *Hassine v. Jeffes,* 846 F.2d 169 (3rd Cir.1988). While commonality tests the sufficiency of the class itself by focusing on the class claims, typicality tests the sufficiency of the named plaintiff by focusing on the relationship between the named plaintiff and the class as a whole.

■■■ Buynak is not sufficiently aligned with the other class members because of the circumstances surrounding his claim of age discrimination and the legal theories upon which he relies. First, his age discrimination claim is blended because in addition to that claim, he also alleges harassment and discrimination based on disability because he was denied a reasonable accommodation for medical problems. This blended claim is not typical of a claimed class of all past and present employees of the Department who are 40 years of age or older who "suffered one or more adverse employment decisions based on their age." Because Buynak is also pursuing his case on the theory that the

Department failed to accommodate his disability and harassed him, his ability to proceed on these additional claims rather than on age discrimination only does not ensure that pursuit of his interests will advance those of the proposed class members.

In addition, the class was certified as to those who suffered "adverse employment decisions;" however, this phrase is not defined or identified in the order or elsewhere. Consequently, the class could encompass not only employees alleging denials of promotions, accommodations and harassment based upon age, but also those alleging suspensions, reprimands, terminations and all other employment decisions considered by someone to be "adverse." This class could also include those past and present employees whose claims were previously adjudicated. Buynak cannot adequately represent the interests of these additional employees.

Further, as previously addressed, of those class members who did allege denials of promotions and accommodations based on age discrimination, many held different positions, different persons made the employment decisions on behalf of the Department, and the circumstances surrounding their denials varied. Buynak did not produce evidence to show that the circumstances surrounding his own claim of age discrimination so closely aligned with those of his class members' claims that in proving his own case of age discrimination, he would show a Department policy and course of conduct of discrimination that affected each of the members of the certified class. As such, nothing ensures that the pursuit of Buynak's interests will advance the interests of the proposed class members.

In granting Buynak's class certification motion as to the typicality element solely upon the finding that Buynak and the other witnesses at the hearing all alleged injuries resulting from age discrimination, the trial court neglected to consider the requirements of Rule 1702(3) and abused its discretion by certifying the class.

### Adequacy of Representation

■■■■ Rule 1702(4) requires a demonstration that the class representative and his counsel will "fairly and adequately assert and protect the interests of the class[.]" Pa. R.C.P. No. 1702(4). In determining the adequacy of representation, the three factors contained in Pa. R.C.P. No. 1709 must be considered.[3] *Cook.* With regard to these factors, courts will assume that members of the bar are skilled in their profession until the contrary is demonstrated. *Janicik.* Courts may infer the attorney's adequacy from pleadings, briefs and other materials presented to the court. *Klusman.* In this case, the trial court showed concern over Buynak's counsel representing the entire class. It wrote in its opinion:

> The Court's greatest concern is in this requirement for class certification and notes that while the attorney for [Buynak's] brief set forth his background and experience, this Court does have some reservations as to his ability to fairly

**3.** Pa. R.C.P. No. 1709 states:
In determining whether the representative parties will fairly and adequately assert and protect the interests of the class, the court shall consider among other matters
(1) whether the attorney for the representative parties will adequately represent the interests of the class.

(2) whether the representative parties have a conflict of interest in the maintenance of the class action, and
(3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

and adequately represent the class. Nevertheless, the Court notes that unless the contrary is demonstrated, the court will assume that members of the bar are skilled in this area and that they will fairly represent the class. While counsel for the [Department] raises issues thereto which cause this Court some hesitation, nevertheless, the questions are not sufficient to deny class certification.

Trial court opinion at 3. Buynak had not met his burden as to this prerequisite because counsel's actions up to the certification proceedings already evidenced inadequate and inefficient representation.

To begin, Buynak's counsel failed to move promptly for class certification. Pa. R.C.P. No. 1707 requires a person seeking to commence a class action to move to certify the class within 30 days after the close of the pleadings or within 30 days after the last required pleading was due. In this case, the Department filed its answer to the complaint and new matter on January 17, 2001; Buynak answered the new matter on February 4, 2001. Under Rule 1707, Buynak's motion for class certification should have been filed within 30 days or no later than March 6, 2001. However, counsel for Buynak did not file the motion to certify the class on March 6, 2001, or seek an extension of time within which to do so. Likewise, counsel for Buynak did not inform the Court of any reason he was unable to comply with Rule 1707. The failure to move promptly for class certification or a motion for an extension filed after the expiration of the 30 day period in Rule 1707 is a factor to be considered in determining whether to certify a class. *Klusman.*

More importantly, though, at the class certification hearing, counsel for Buynak admitted that he might need to obtain assistance from unidentified attorneys outside his firm to prosecute this class action. However, he failed to disclose to the trial court any facts about this outside assistance which would permit it to assess their qualifications or the existence of any conflicts of interest. Adequacy of representation is determined by the adequacy of counsel before the court, not some unknown attorney who may be called in later to assist in the class action. Given that Buynak's counsel admitted that he would need additional assistance but did not introduce any details about the qualifications of the unknown counsel, a showing that class counsel was adequate was not made out.

Because Buynak did not meet his burden of proving the prerequisites of Pa. R.C.P. No. 1702, specifically, the requirements of commonality 1702(2), typicality 1702(3) and adequacy of class counsel 1702(4), the decision of the trial court is reversed.

### ORDER

AND NOW, this *15th* day of *October,* 2003, the order of the Court of Common Pleas of Clearfield County is reversed.