# THE COMMONWEALTH COURT OF PENNSYLVANIA

John Doe 1, John Doe 2,       :
John Doe 3 and Jane Doe 1,     :
         Appellants    :
                             :
         v.            :     No. 96 C.D. 2021
                             :     Argued: December 16, 2021
Franklin County, Franklin County   :
Sheriff's Office, Franklin County    :
Sheriff Dane Anthony, and        :
Employee John/Jane Doe        :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE LEAVITT                FILED:  March 4, 2022


         John Doe 1, John Doe 2, John Doe 3 and Jane Doe 1 (Licensees) appeal an order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court) denying their motion for class certification. Licensees argue that the trial court erred because it based its decision on the merits of the underlying action and not on the standards for a class certification. Licensees further argue that they have satisfied each of the prerequisites enumerated in Pennsylvania Rule of Civil Procedure 1702, PA.R.CIV.P. 1702, for class certification. Licensees assert that the trial court's order denying class certification is appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313(b), PA.R.A.P. 313(b).

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

We reverse the trial court's holding, vacate its order and remand for further consideration of the motion for class certification.

**Background**

Licensees are residents of Franklin County who have been licensed to carry firearms by the Franklin County Sheriff. On December 19, 2014, Licensees filed a complaint against Franklin County, the Sheriff's Office, and Sheriff Dane Anthony (collectively, County) for disclosing the status of their licenses to the public. Specifically, Counts I to III of the complaint asserted that the County violated the confidentiality provision of Section 6111(i) of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act), 18 Pa. C.S. §6111(i), by sending postcards through the United States Postal Service (USPS) to notify Licensees of the approval, renewal, denial, or revocation of their license to carry firearms. The postcards showed the licensee's name, address and a statement of the approval, denial, or revocation of the license application. All the information was "visible [to] all individuals processing, mailing and serving the mail, as well as [to] any individual receiving the postcard at the address, who may or may not be the applicant or license holder." Complaint ¶22; Reproduced Record at 16a (R.R. __). Licensees claimed that the County's mailing of unenveloped postcards constituted "public disclosure" in violation of Section 6111(i) of the Firearms Act, 18 Pa. C.S. §6111(i).

The trial court dismissed the eight-count complaint based on the County's preliminary objection in the nature of a demurrer.[2] With respect to Counts

---

[2] The complaint also asserted confidentiality violations under Section 6111(i) against several Jane and John Doe Employees of the County (Count IV) who were never served and did not enter their appearance in the litigation. The complaint included additional claims: breach of confidentiality/invasion of privacy against all defendants (Count V); breach of fiduciary duties under 18 Pa. C.S. §6109(h) (pertaining to fees for approval and renewal of license to carry

2

I to III, which asserted a violation of Section 6111(i) of the Firearms Act, the trial court held that the complaint did not state a claim because it did not plead facts to show that the County had publicly disclosed confidential information. The trial court further sustained the preliminary objections to Count III on the basis that Sheriff Anthony qualified as a high public official and was, thus, immune from liability for any acts performed in his official capacity, such as those challenged in the complaint.

Licensees appealed to this Court, and we affirmed in part, reversed in part and remanded for further proceedings. In doing so, our Court reviewed Section 6111(i) of the Firearms Act, which states as follows:

> (i) Confidentiality.--All information provided by the potential purchaser, transferee or applicant, *including, but not limited to, the potential purchaser, transferee or applicant's name or identity*, furnished by a potential purchaser or transferee under this section or any applicant for a license to carry a firearm as provided by section 6109 *shall be confidential and not subject to public disclosure*. In addition to any other sanction or penalty imposed by this chapter, *any person, licensed dealer, State or local governmental agency or department that violates this subsection shall be liable in civil damages* in the amount of $1,000 per occurrence or three times the actual damages incurred as a result of the violation, whichever is greater, as well as reasonable attorney fees.

18 Pa. C.S. §6111(i) (emphasis added). This Court construed the terms "confidential" and "not subject to public disclosure" to mean that "some nonpublic disclosure of information" was required. *Doe v. Franklin County*, 139 A.3d 296, 306 (Pa. Cmwlth. 2016) (*Doe I*). Nevertheless, we explained that "sheriffs may

___

firearms) against the County (Count VI); conversion against the County (Count VII); and declaratory and injunctive relief against all defendants (Count VIII).

3

disclose the information to those necessary for law enforcement or criminal justice purposes." *Id*. We interpreted Section 6111(i) of the Firearms Act to mean that

> "any person, licensed dealer, State or local governmental agency or department" violates Section 6111(i) of the [Firearms Act] by revealing an "applicant's name or identity" to a person not (1) authorized to receive such information by statute; (2) involved in the operation or management of the sheriff's office; (3) representing a law enforcement or criminal justice agency; or (4) otherwise authorized by an applicant. *Disclosure to any other person constitutes "public disclosure" for purposes of this section.*

*Doe I*, 139 A.3d at 307 (emphasis added).

In so holding, this Court rejected the trial court's conclusion that "public disclosure" in Section 6111(i) of the Firearms Act incorporated the "publicity" element necessary to prove an invasion of privacy under common law. To establish invasion of privacy under common law, one must prove that a private matter is "made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge," and the disclosure is "highly offensive to a reasonable person." *Doe I*, 139 A.3d at 306 (citing *Harris v. Easton Publishing Company*, 483 A.2d 1377, 1384 (Pa. Super. 1984)). This Court rejected the trial court's understanding of the Firearms Act. Instead, we held that Licensees' complaint stated a claim under Section 6111(i) of the Firearms Act because the County used postcards to notify applicants of their license status. We further held that the doctrine of high public official immunity did not apply to Sheriff Anthony because the General Assembly imposed liability upon local agencies for violating Section 6111(i), and the county sheriff constituted a local agency. *Doe I*, 139 A.3d at 315. For these reasons, we reversed the trial court's dismissal of Counts I to III of the complaint.

4

Upon further appeal, the Pennsylvania Supreme Court granted review on the issue of "[w]hether the General Assembly intended to abrogate high public official immunity when it enacted 18 Pa. C.S. §6111(i)." *Doe v. Franklin County*, 161 A.3d 800 (Pa. 2016). By decision in *Doe v. Franklin County*, 174 A.3d 593 (Pa. 2017) (*Doe II*), the Supreme Court reversed this Court and held that the Firearms Act did not abrogate the sheriff's official immunity. The Supreme Court remanded the matter for reinstatement of the trial court's order sustaining the preliminary objections to Count III of the complaint. *Id*. at 608.

Counts I and II of Licensees' complaint remained active. These counts challenged the County's use of postcards to notify applicants of the status of their licenses to carry firearms as a violation of Section 6111(i) of the Firearms Act.

**Licensees' Motion for Class Certification**

On remand to the trial court, after the pleadings were closed, Licensees filed a motion for class certification that described the class as follows:

> Those individuals, who allegedly had their confidential license to carry firearms applicant information disclosed by [the County] in violation of their right to privacy and 18 Pa. C.S. §6111(i) from December 19, 2012[,] through the present.[]

Motion for Class Certification, ¶18; R.R. 59a.[3] The County filed an answer and a brief in opposition to Licensees' motion, asserting, *inter alia*, that Licensees could

---

[3] At the hearing on Licensees' motion, counsel for Licensees clarified the description of the class to be "those individuals who allegedly had their confidential license to carry firearms applicant information disclosed by [the County] in violation of 18 Pa. C.S. §6111(i) from December 19, 2012[,] through the present as a result of the mailing of unenveloped [postcards]." Notes of Testimony, 4/9/2019, at 11; R.R. 87a.

not define the scope of the class members with the precision required by Pennsylvania Rule of Civil Procedure 1702. PA.R.CIV.P. 1702.[4]

The trial court conducted an evidentiary hearing and on June 28, 2019, issued an order denying Licensees' motion for class certification for the stated reason that Licensees did not satisfy the numerosity requirement set forth in Rule 1702. The trial court explained that numerosity "leads directly to the critical issue in this case," which is whether the County's mailing of postcards containing applicants' names, addresses, and license status constitutes a *per se* violation of Section 6111(i) of the Firearms Act. Trial Court Op. at 12; R.R. 156a. The trial court concluded that there was no "actual disclosure of confidential information" because there was no evidence presented that "anyone read the content of the postcards mailed to [Licensees] prior to their receipt by [Licensees]." Trial Court Op. at 7, 15, Finding of Fact (F.F.) No. 16; R.R. 151a, 159a.

Nevertheless, the trial court found, as fact, that the County issued 3,413 licenses to carry firearms in 2013; 2,913 licenses in 2014; 2,995 licenses in 2015; 4,359 licenses in 2016; and 3,535 licenses[5] in 2017. Trial Court Op. at 7-8, F.F. No.

---

[4] Rule 1702 states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;
>
> (4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and
>
> (5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

PA.R.CIV.P. 1702.

[5] The trial court noted that this was the number of approvals and not necessarily the number of people that were sent postcards. Trial Court Op. at 8, F.F. No. 18(e) n.2; R.R. 152a.

18; R.R. 151a-52a. The trial court also found that Licensees "have estimated the size of the class at 9,000," although they used 10,000 at the class certification hearing. Trial Court Op. at 8, F.F. No. 19; R.R. 152a.

Licensees appealed to this Court. On appeal,[6] they raise two issues for our consideration. First, they assert that the trial court's order denying class certification is appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313(b), PA. R.A.P. 313(b). Second, they argue that the trial court erred in denying their request for class certification.

## I. Appealability (Collateral Order)

Licensees argue that the trial court's denial of their motion for class certification is a collateral order appealable under Pennsylvania Rule of Appellate Procedure 313(b) because the issue of class certification can be severed from the question of whether the County violated Section 6111(i) of the Firearms Act. Licensees contend that the right of privacy is a matter too important to be denied review and that, without this Court's immediate review, the "ousted members of the class" will be put "out of court" and their rights irreparably lost by reason of the statute of limitations. Licensees' Brief at 11 (citing *Bell v. Beneficial Consumer Discount Company*, 348 A.2d 734, 736 (Pa. 1975)). Although the applicable statute of limitations is disputed, even the longest term of six years, which Licensees

---

[6] "Class certification presents a mixed question of law and fact." *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d 706, 717 n.11 (Pa. Cmwlth. 2014) (quoting *Samuel-Bassett v. KIA Motors America, Inc.*, 34 A.3d 1, 15 (Pa. 2011)). "The trial court is vested with broad discretion in deciding whether an action may be pursued on a class-wide basis and, where the court has considered the procedural requirements for class certification, an order granting class certification will not be disturbed on appeal unless the court abused its discretion in applying them." *Samuel-Bassett*, 34 A.3d at 15. An abuse of discretion occurs if the certifying court's "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact; the trial court must have exercised unreasonable judgment, or based its decision on ill will, bias, or prejudice." *Id*.

7

contend applies, would result in nearly the entire class "being put out of court with no opportunity for recovery on that basis alone." Licensees' Brief at 11.

The County responds that the trial court's order denying class certification is not a collateral order but, rather, a final order because the trial court held that Licensees "did not establish a tort." Trial Court Op. at 15; R.R. 159a. This holding, according to the County, has effectively disposed of all remaining legal issues under PA. R.A.P. 341(b) and ended the litigation.

Pennsylvania Rule of Appellate Procedure 313(b), PA. R.A.P. 313(b), provides that an appeal may be taken as of right from a collateral order of a trial court. The test for a collateral order follows:

> (1) the order must be separable from, and collateral to, the main cause of action;
>
> (2) the right involved must be too important to be denied review; and
>
> (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost.

*Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). All three prongs must be satisfied. In addition, the doctrine is to be construed narrowly to avoid piecemeal and protracted litigation. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1129 (Pa. 2009). Notably, an order denying class certification has been held to be a collateral order. *Dunn v. Allegheny County Property Assessment Appeals and Review*, 794 A.2d 416 (Pa. Cmwlth. 2002); *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d 706; *Hanson v. Federal Signal Corporation*, 679 A.2d 785 (Pa. Super. 1996).

8

In disposing of a motion for class certification, the trial court determines whether the action shall proceed as a class action or as an action with individually named parties. The Rules of Civil Procedure specifically provide that "the merits of the action and the right of the plaintiff to recover are to be excluded from consideration" of whether to certify the class. PA.R.CIV.P. 1707, EXPLANATORY COMMENT. Plainly, the issue of class certification is not related to and, thus, separate from the merits of the underlying claims raised in the complaint. This satisfies the first prong of the collateral order test.

As for the second prong, "it is not sufficient that the issue be important to the particular parties." *Geniviva v. Frisk*, 725 A.2d 1209, 1213-14 (Pa. 1999). Instead, the issue "must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id*. The interest of Licensees and the putative class members involves privacy, which involves an important public policy concern sufficient to satisfy the second prong. *J.S. v. Whetzel*, 860 A.2d 1112, 1117 (Pa. Super. 2004).

On the third prong of the collateral order doctrine, the Supreme Court has explained as follows:

> We believe that orders denying class action status possess sufficiently practical aspects of finality to make them appealable. When an action is instituted by a named individual on behalf of himself and a class, the members of the class are more properly characterized as parties to the action. A subsequent order of a trial court allowing an action to proceed as a class action is not a joinder of the parties not yet in the action. The class is in the action until properly excluded. An order dismissing the class aspects of a suit puts the class members out of court, is a final order for those parties and is therefore appealable. *That the named plaintiffs can, in theory, individually pursue the action further, and the ousted members of the class can bring separate individual actions against the defendant does not alter the*

*conclusion that the denial of class action status has put the ousted members of the class 'out of court' for the purpose of this particular action.*

*Bell*, 348 A.2d at 736 (quotations omitted; emphasis added). Here, the trial court's June 28, 2019, order put class members "out of court for the purpose of this particular action" and, thus, the issue concerning class certification meets the urgency prerequisite of PA. R.A.P. 313(b).

We conclude, and hold, that the trial court's June 28, 2019, order denying Licensees' motion for class certification is appealable as a collateral order.

## II. Class Certification

Licensees argue that the trial court erred in denying class certification because it based its decision on the merits of Counts I and II and not on Pennsylvania Rule of Civil Procedure 1702, PA.R.CIV.P. 1702. Licensees' Brief at 14. Licensees further argue that they satisfied all five prerequisites for class certification set forth in Rule 1702: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of representation, and (5) fair and efficient method for adjudication.

Although the County refused to disclose the exact number of persons notified of their firearm license status by postcard, the trial court found, as fact, that thousands of postcards were issued by the County between 2011 and 2016 to members of the putative class. Licensees argue that this finding supports the conclusion that it is impracticable to join all the class members. Next, Licensees contend that they met the requirement of commonality[7] because the claims arise out

---

[7] A representative party must establish that his claims present "questions of law or fact common to the class." PA.R.CIV.P. 1702. The common question of fact "means precisely that the facts must be substantially the same so that proof as to one claimant would be proof as to all." *Keppley v. School District of Twin Valley*, 866 A.2d 1165, 1173 (Pa. Cmwlth. 2005) (quotations omitted). "While the existence of individual questions essential to a class member's recovery is not necessarily fatal to the class, there must be a *predominance of common issues shared by all class*

10

of the same course of conduct, *i.e.*, the County's use of unenveloped postcards with personal and license status information displayed thereon. Third, Licensees argue that they satisfied the typicality requirement[8] because their claims are the same as those of other class members.

As to adequacy of representation,[9] Licensees contend that their attorneys will adequately represent the interests of the class; they have no conflict of interest with other class members; and they have the financial resources to assure that the interests of the class will be protected. Finally, Licensees contend that they met the remaining prerequisite, *i.e.*, that a class action will provide for a fair and efficient method for the adjudication of the controversy[10] because (1) the County's

---

*members which can be justly resolved in a single proceeding.*" *Id.* (quotations omitted; emphasis in original).

[8] The typicality requirement requires a representative party to show that his overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that his pursuit of his interests will advance those of the proposed class. *Keppley*, 866 A.2d at 1174.

[9] A representative party's attorney must be able to "fairly and adequately assert and protect the interests of the class under the criteria set forth in [PA.R.CIV.P. 1709]." PA.R.CIV.P. 1702(4). Rule 1709 requires the court to consider (1) whether the attorney for the representative party will adequately represent the interests of the class, (2) whether the representative party has a conflict of interest in the maintenance of the class action, and (3) whether the representative party has or can acquire adequate financial resources to assure that the interests of the class will not be harmed. PA.R.CIV.P. 1709.

[10] Pursuant to Pennsylvania Rule of Civil Procedure 1708(a), the trial court is to consider the following factors in determining whether the proposed class action is a fair and efficient method for adjudicating a controversy where monetary recovery alone is sought:

(1) whether common questions of law or fact predominate over any questions affecting only individual members;

(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

(i) inconsistent and varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

11

liability under Section 6111(i) of the Firearms Act is a common question as is the amount of statutory damages owed to each class member; (2) the case presents a manageable controversy; (3) separate actions would impair the interests of class members; (4) no other litigation is currently pending; (5) the trial court is the appropriate forum for this litigation; (6) the complexities and expenses of litigation justify the utilization of the class action device; and (7) recovery to the class will be large enough in relation to the expense and effort of administering the actions to justify a class action.

The County responds that this Court's prior decision in *Doe I*, 139 A.3d 296, held that without disclosure of the content to "any other person," Licensees have not demonstrated any tortious conduct by the County. County Brief at 18-19. Accordingly, Licensees' legally insufficient claims should not proceed to class

---

(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

(6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions;

(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

PA.R.CIV.P. 1708(a). In determining fairness and efficiency, "the court must balance the interests of the litigants, [both] present and absent, and of the court system." *Dunn*, 794 A.2d at 426 (citing *Janicik v. Prudential Insurance Company of America*, 451 A.2d 451, 461 (Pa. Super. 1982)).

certification. Further, Licensees lack standing to pursue the claims under Section 6111(i) of the Firearms Act because they have not suffered an injury.

The County also argues that Licensees did not meet the class certification prerequisites set forth in Rule 1702. Specifically, Licensees' action lacks common questions of law or facts because the trial court will have to make findings for each class member about whether a postcard was sent; whether someone other than the class member read the postcard; and whether the class member authorized the disclosure. County Brief at 28 (citing *Keppley*, 866 A.2d 1165). Likewise, the County contends that because "individual circumstances" of the putative class members are "markedly different," Licensees' claims are not typical of the class. County Brief at 29 (citing *Keppley*, 866 A.2d at 1174). Finally, the County contends that Licensees will not fairly and adequately represent the class because Licensees remain anonymous. Accordingly, there is no evidence that Licensees lack a conflict of interest with other class members or that they have adequate financial resources. For all these reasons, the County asserts that a class action is not a fair or efficient method to adjudicate the controversy.

The class action is a procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims, while providing a forum for claims that would otherwise be too small to litigate. *Dunn*, 794 A.2d at 423. Pennsylvania Rule of Civil Procedure 1702 lists the prerequisites to a class action:

> 1. the class is so numerous that joinder of all members is impracticable [(Numerosity)];
>
> 2. there are questions of law or fact common to the class [(Commonality)];

13

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class [(Typicality)];

4. the representative parties will fairly and adequately assert and protect the interest of the class under the criteria set forth in Rule 1709 [(Adequacy of Representation)]; and

5. a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708 [(Fair and Efficient Method for Adjudication)].

PA.R.CIV.P. 1702. The burden of proving each of these elements is on the proponent of class certification. While the class proponent's evidentiary burden is not heavy, more than mere conjecture or conclusory allegations are required. *Dunn*, 794 A.2d at 423. Once the class proponent has established each of the above elements, the class opponent carries the burden of proving, with contrary evidence, that class certification is not proper. *Id*. If there is an actual conflict on an essential fact, the proponent bears "the risk of non-persuasion." *Samuel-Bassett*, 34 A.3d at 16.

The trial court enjoys broad discretion to define the class. *See Janicik*, 451 A.2d at 454. Therefore, this Court "may not disturb the trial court's order unless the court neglected to consider the requirements of the rules [of civil procedure] or abused its discretion in applying them." *Hanson*, 679 A.2d at 788 (quotations omitted). Within this framework, we address the trial court's consideration of the individual prerequisites for class certification.

## A. Numerosity

A class is sufficiently numerous when the number of potential plaintiffs would burden the court and unnecessarily drain the resources of the litigants should plaintiffs sue individually. *Keppley*, 866 A.2d at 1171 (quotations omitted). The proponent need not plead or prove the actual number of class members, so long as he is able to "define the class with some precision and provide the court with

14

sufficient indicia that more members exist[] than it would be practicable to join." *Id.* Conversely, where the class is so poorly defined that the court cannot discern who the potential class members are, the numerosity requirement has not been met. Courts should consider the practical inability of a class representative to identify other class members when the opponent to class certification controls that information and refuses to provide the names and addresses of other class members. *Janicik*, 451 A.2d at 455.

A court should not dispose of class certification issues on the basis of the court's evaluation of the "underlying merits of the claim." *Debb v. Chrysler Corporation*, 810 A.2d 137, 154 (Pa. Super. 2002). However, "courts may need to examine the elements of the underlying cause of action in order to dispose of class issues properly." *Id*.

In *Dunn*, 794 A.2d 416, taxpayers filed an action to challenge the county's across-the-board 2% real estate tax assessment increase. They moved for certification of a class consisting of about 400,000 similarly situated real estate owners in the county, but the trial court denied the motion. On appeal, this Court reversed and remanded the matter for further proceedings. In doing so, we held that the class was sufficiently numerous for purposes of Pa.R.Civ.P. 1702 and that joinder would be impracticable. *Dunn*, 794 A.2d at 424.

By contrast, in *Keppley*, 866 A.2d 1165, a high school student challenged a school district's electronic surveillance and recording system on school buses as violative of state and federal law. Her motion for class certification defined the class to include "[a]ll persons who rode in [school district buses] between on or about March 6, 1996, and August 16, 2001, which contained the Bus Cam electronic surveillance system." *Id*. at 1170. The trial court denied certification, and this Court

affirmed. We held that the motion did not define the class with sufficient precision because, *inter alia*, a showing of "justifiable expectation of privacy" was required in order to establish liability under federal law. *Id*. at 1172. Although there were commonalities in the size of the buses and the camera range, the trial court would need to determine the location of each particular student on the bus in relation to the equipment; whether each student had an expectation of privacy; and, finally, whether that expectation was reasonable. These factors would be different for each prospective member. In other words, determination of membership in the class "would essentially require a mini-hearing on the merits of each class member's case, which in itself renders a class action inappropriate for addressing the claims at issue." *Id.* (citing *Sanneman v. Chrysler Corporation*, 191 F.R.D. 441 (E.D. Pa. 2000)). Because of this need for individualized findings of fact to determine membership in the proposed class, we held that the student failed to define the class with precision.

Likewise, in *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d 706, this Court held that the numerosity requirement for obtaining class action status was not satisfied in a mandamus and unjust enrichment action filed against the sheriff's office by the owner of properties sold at sheriff's sales. In their class action complaint, the property owners alleged that the sheriff's office failed to remit excess proceeds after tax liens were paid.[11] In affirming the trial court's denial of class

---

[11] The property owners in *In re Sheriff's Excess Proceeds Litigation* requested the trial court to certify a class comprised of two subclasses:

> a. Each real property owner(s) within the County of Philadelphia during the time period January 1, 2006[,] to December 31, 2011[,] whose real property was sold at a Philadelphia Sheriff's sale and who is entitled to, but did not receive, payment from the Philadelphia Sheriff's Office, of the excess Sheriff's sale proceeds after satisfaction of the judgment lien(s) creditor's obligation, other applicable encumbrances, and the Sheriff's costs and fees, and whose money has not been

16

certification, this Court agreed that there were more potential class members than were practicable to join in the action. However, because the class could not be defined with sufficient precision, notification would be difficult; class members could not be located by the sheriff's office or the treasurer. *See also Weinberg v. Sun Company Inc.*, 777 A.2d 442 (Pa. 2001) (false advertising claims under Unfair Trade Practices and Consumer Protection Law[12] require individualized proof of reliance, causation, and proof of loss, and individual claims predominated over common issues; therefore, the certification requirements of numerosity and commonality were not met).

In the case *sub judice*, the trial court found, as fact, that the County issued 3,413 licenses to carry firearms in 2013; 2,913 licenses in 2014; 2,995 licenses in 2015; and 4,359 licenses in 2016. The trial court also found that from June of 2011 until January 29, 2016, the County used postcards to notify individuals of their firearm license status. Licensees estimated the size of the class to be 9,000 members, a number impracticable to join as individual plaintiffs. The trial court

transferred from the Sheriff unclaimed funds escrow accounts to the State Treasurer's escrow account;[ ] [*Excess Funds Class*—seeks excess funds].

b. Each real property owner(s) within the County of Philadelphia during the time period January 1, 1999[,] to December 31, 2005[,] whose real property was sold at a Philadelphia Sheriff's sale and who was entitled to, but did not receive payment form [sic] the Philadelphia Sheriff's Office, of the excess Sheriff's sale proceeds after satisfaction of the judgment lien(s) creditor's obligation, other applicable encumbrances, and the Sheriff's costs and fees, and who was damaged by the wrongful acts committed by the Sheriff, and does not include claims for the actual moneys which were or have been transferred from the Sheriff unclaimed funds escrow accounts to the State Treasurer's escrow account pursuant to [the Disposition of Abandoned and Unclaimed Property Act, [Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§1301.1–1301.29]. [*Escheated Funds Class* - seeks interest on funds escheated to the State Treasurer].

*In re Sheriff's Excess Proceeds Litigation*, 98 A.3d at 717.

[12] Act of December 17, 1968, P.L. 1224, *as amended,* 73 P.S. §§201-1 - 201-9.3.

17

then held that because Licensees had to present evidence that persons other than the addressees read the content of the postcards in order to state a claim under Section 6111(i) of the Firearms Act, there would have to be a hearing on each class member's postcard and whether it was read by an unauthorized person. For this reason, the trial court held that Licensees did not satisfy the numerosity requirement. We reject the trial court's analysis.

Licensees' complaint alleged that the County used postcards on which license information was "*visible* by all individuals processing, mailing[,] and serving the mail, as well as, by any individual receiving the postcard at the address, who may or may not be the applicant or license holder." Complaint ¶22; R.R. 16a (emphasis added). The complaint did not allege that a third party, such as the one who processed or served the mail, actually read the information on the postcards. In *Doe I*, 139 A.3d 296, this Court held that because the County used unenveloped postcards that displayed Licensees' names, addresses, and license status, Licensees stated a claim under Section 6111(i) of the Firearms Act. Stated otherwise, Licensees did not have to establish that the postcards were actually read by someone other than the intended recipient to establish public disclosure of confidential information under Section 6111(i) of the Firearms Act. This is not a tort claim but a statutory claim.

Unlike *Keppley*, 866 A.2d 1165, and *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d 706, there is no need for individualized findings of fact to determine membership in the proposed class. As Licensees explain, "the putative class is only seeking statutory damages and either [the County] sent ou[t] or did not send out an un-enveloped postcard relative to each putative class member." Licensees' Brief at 31.

18

Here, the County issued 3,413 licenses to carry firearms in 2013; 2,913 licenses in 2014; 2,995 licenses in 2015; and 4,359 licenses in 2016. The County admitted that it used postcards to notify successful applicants for licenses and for renewals of licenses to carry firearms until January 29, 2016. Each postcard recipient is a member of the prospective class. Thus, the trial court erred and abused its discretion in holding that Licensees did not satisfy the numerosity requirement for class certification.

## B. Commonality, Typicality, Adequacy of Representation, and Fair and Efficient Method of Adjudication

In denying Licensees' motion for class certification, the trial court did not analyze the other prerequisites for class certification. It is not for this Court, in the first instance, to make findings on these factors. In light of our conclusion that Licensees have sustained their burden for class certification with respect to numerosity, we vacate the trial court's order and remand this matter for the trial court to make findings of fact and conclusions of law on whether Licensees have demonstrated the requirements of commonality, typicality, adequacy of representation, and fair and efficient method of adjudication to have their action certified as a class action. The trial court shall issue its decision within 45 days of this Court's order.

## Conclusion

We hold that the trial court's June 28, 2019, order is appealable as a collateral order under Pennsylvania Rule of Appellate Procedure 313(b). We further hold that the trial court erred in dismissing Licensees' motion for class certification based on a lack of numerosity under Pennsylvania Rule of Civil Procedure 1702.

19

Accordingly, the order of the trial court is vacated, and the matter is remanded to the trial court for further findings and conclusions consistent with this opinion.

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge Wallace did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Doe 1, John Doe 2, | : | |
| John Doe 3 and Jane Doe 1, | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 96 C.D. 2021 |
| | : | |
| Franklin County, Franklin County | : | |
| Sheriff's Office, Franklin County | : | |
| Sheriff Dane Anthony, and | : | |
| Employee John/Jane Doe | : | |

## **O R D E R**

AND NOW this 4th day of March, 2022, the June 28, 2019, order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court) is VACATED, and the matter is REMANDED to the trial court for further findings and conclusions consistent with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita